UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GLEN EARL FOLSOM, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN SHARP, )<br>)<br>Respondent. ) | Case No. CIV-19-1105-G |

## ORDER

On November 25, 2019, Petitioner Glen Earl Folsom filed a Petition (Doc. No. 1) seeking habeas corpus relief under 28 U.S.C. § 2254. For the reasons outlined below, this action is DISMISSED without prejudice.

*I.   Background*

In his Petition, Petitioner challenges a 2003 Oklahoma state-court criminal conviction. After the Petition was filed, this matter was referred to then-Magistrate Judge Bernard M. Jones for initial proceedings in accordance with 28 U.S.C. § 636(b)(1). On December 3, 2019, Judge Jones issued an Order to Show Cause (Doc. No. 6), nothing that this Court already had denied one habeas corpus petition relating to the same state-court conviction and noting, "'Before a court can consider a second claim, an applicant must first move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" Order to Show Cause at 1 (quoting *Case v. Hatch*, 731 F.3d 1015, 1026 (10th Cir. 2013)). Because there was no evidence that Petitioner had sought or obtained authorization from the Tenth Circuit to file the instant Petition, Judge Jones

ordered Petitioner to show cause why the Petition should not be transferred or dismissed as second or successive. *Id.* at 1-2 (citing 28 U.S.C. § 2244(b)(3)(A)). Petitioner filed a response to the Order to Show Cause on December 9, 2019, *see* Doc. No. 8.

On December 10, 2019, Judge Jones entered a Report and Recommendation ("R. & R.") in which he found that the Petition is a "second or successive" § 2254 application and that the Tenth Circuit, not this Court, must resolve Petitioner's contention that he satisfies the "gate-keeping" requirements of § 2244(b)(2) that would allow him to raise his habeas claims. R. & R. (Doc. No. 9) at 2; *see Case*, 731 F.3d at 1026-28. The R. & R. further held that because the Tenth Circuit had not authorized its filing, this Court lacked jurisdiction over the Petition and that dismissal, rather than transfer to the Tenth Circuit, was appropriate. *See* R. & R. at 2; *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

On December 16, 2019, Petitioner filed an objection to the R. & R. *See* Doc. No. 10; *see also* Doc. No. 15. The filing of an objection triggers de novo review of those portions of a report and recommendation to which objection is made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

On December 19, 2019, the Tenth Circuit docketed Petitioner's motion seeking permission from that court to file a second or successive habeas petition under § 2254. *See* Doc. Nos. 11, 11-1. On January 10, 2020, the Tenth Circuit issued an Order denying Petitioner's motion. *See In re Folsom*, No. 19-6184 (10th Cir. Jan. 10, 2020) (order) (Doc. No. 16); *see also* 28 U.S.C. § 2244(b)(3)(E) ("The . . . denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not

be the subject of a petition for rehearing or for a writ of certiorari.").

    II.    *Discussion*

The undersigned, having reviewed the matter de novo, agrees with Judge Jones' finding that the Petition is "second or successive." Nothing in Petitioner's filings, including his objections to the R. & R., offers this Court a proper basis to further consider his habeas claims. Because the Tenth Circuit has now expressly denied authorization for Petitioner to raise the claims therein, the Petition must be dismissed. *See* 28 U.S.C. § 2244(b); *Case*, 731 F.3d at 1027; *Gray v. Mullin*, 171 F. App'x 741, 744 (10th Cir. 2006).

## CONCLUSION

Accordingly, the R. & R. (Doc. No. 9) is ADOPTED, and the Petition (Doc. No. 1) is DISMISSED without prejudice. A separate judgment shall issue.

IT IS SO ORDERED this 24th day of July, 2020.

_____
CHARLES B. GOODWIN
United States District Judge